**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| ALEXANDRIA DOMINIQUE HART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:25-cv-02225-TLP-atc |
| v. | ) | |
| | ) | |
| DATASHA ALBRIGHT, TAMMY V. | ) | |
| THOMAS/HARRIS, CAR QUEENZ, LLC, | ) | |
| and MISSISSIPPI ATTORNEY | ) | |
| GENERAL'S OFFICE, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
TO DISMISS COMPLAINT**

Pro se Plaintiff Alexandria Dominique Hart sued Defendants Datasha Albright, Tammy V. Thomas, Car Queenz, LLC, and the Mississippi Attorney General's Office in February 2025. (ECF No. 1.)  Under Administrative Order No. 2013-05, this Court referred the case to Magistrate Judge Annie T. Christoff to manage all pretrial matters.  Because Plaintiff proceeded in forma pauperis, Judge Christoff screened the Complaint under 28 U.S.C. § 1915(e)(2)(B). Judge Christoff issued a Report and Recommendation ("R&R") in August 2025 (ECF No. 10) recommending that the Court sua sponte dismiss the Complaint for failure to state a claim. Plaintiff did not object to the R&R.  For the reasons below, the Court **ADOPTS** the R&R and **DISMISSES** the Complaint.

**<u>BACKGROUND AND THE R&R</u>**

Judge Christoff accurately described the Complaint.  (ECF No. 10 at PageID 133.)

> Hart alleges that Albright, Thomas, and Car Queenz (the "Private Defendants") conspired to defraud Hart in the purchase of a vehicle at auction. (ECF No. 2, at 4–6.) Though Hart's contentions are difficult to parse, the gist of her allegations is that she arranged to purchase the vehicle through Alright [sic] of Car Queenz—and paid her a total of approximately $4,615—who then worked with Thomas to arrange the purchase at auction. (*Id.*) But, after the vehicle was sold at auction, the Private Defendants allegedly conspired against Hart, such that she never received the vehicle, the proceeds of the sale, or her purchase money back. (*See generally id.*) With respect to the Private Defendants, Hart brings claims under the FTC Act, RICO, and various Tennessee and Mississippi state laws regarding consumer protection, theft of property, and unjust enrichment. (ECF No. 2.) With respect to the AG's Office, Hart brings only a § 1983 procedural due process claim for purportedly failing to adequately investigate Hart's complaint about the Private Defendants' allegedly fraudulent scheme involving the vehicle's purchase and sale. (*Id.* at 11.)

(*Id.*)

She concluded that each claim failed to allege any plausible basis for relief. (*Id.* at PageID 136–41.) And this was true even though Judge Christoff correctly applied the "less stringent" pro se pleading standards in her R&R. (*Id.* at PageID 135.)

## LEGAL STANDARD

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations for deciding pretrial matters. 28 U.S.C. § 636(b)(1)(A)–(B). And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). If the parties do not object, the district court reviews the R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee notes. And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Judge Christoff entered her R&R on August 8, 2025. To date, Plaintiff has not objected. And the time to do so has now passed. The Court therefore reviews the R&R for clear error.

**DISPOSITION**

Having reviewed the record, the Court finds no clear error in Judge Christoff's R&R.  In fact, the Court agrees with her well-reasoned analysis.

Indeed, the Court agrees that the FTC Act does not provide Plaintiff with a private cause of action.  (ECF No. 10 at PageID 135–36.)  And Plaintiff's RICO Act claim fails because she has alleged only that Defendants had a single objective and single victim, which is not enough to support a civil RICO claim.  (*Id.* at PageID 137.)  The Eleventh Amendment bars Plaintiff's claims against the Mississippi Attorney General's Office.  (*See* ECF No. 10 at PageID 138.)  Lastly, Plaintiff has not adequately alleged diversity jurisdiction to support her state-law claims, and the Court declines to exercise supplemental jurisdiction over them.  (*Id.* at PageID 139–41.)  The Court therefore **ADOPTS** the R&R's recommendation.

**CONCLUSION**

The Court has reviewed Judge Christoff's thorough R&R and finds no clear error.  Accordingly, the Court **DISMISSES** the FTC ACT, RICO, and § 1983 claims **WITH PREJUDICE** for failure to state a claim upon which relief may be granted.  The Court **DISMISSES** Plaintiff's state-law claims **WITHOUT PREJUDICE.**

**SO ORDERED**, this 11th day of August, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

3